NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ERIC SIMS, | : | |
| | : | |
| Petitioner, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 11-2267 (WHW) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**Walls, Senior District Judge**

Pro se Petitioner Eric Sims moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Sims argues that counsel was ineffective because counsel did not advise him that he could take an "open plea" rather than plead guilty under the Government's offer. Sims argues that the failure to inform him of an open plea option invalidates his waiver of his appellate rights. He also argues that he was prejudiced by counsel's ineffective conduct because he would have been sentenced to less time in incarceration if he had taken an open plea. Respondent filed an Answer, and Petitioner filed a Reply. Pursuant to Federal Rule of Civil Procedure 78 and 28 U.S.C. § 2255(b), the Court decides this motion without oral argument. The motion is denied.

**FACTUAL AND PRODEDURAL HISTORY**

On December 2, 2008 Sims was charged with conspiring to possess with intent to distribute 100 grams or more of a substance containing heroin, in violation of 21 U.S.C. § 846. Crim. Case No. 09-419, Compl. Eric Sims, Dec. 2, 2008, ECF No. 1. He was arrested on December 4, 2008, at which point he retained an attorney, Robert DeGroot, who entered an appearance on that date. Crim. Case No. 09-419, Notice Att'y Appearance, Dec. 4, 2008, ECF

**NOT FOR PUBLICATION**

No. 5. On June 8, 2009 Sims waived prosecution by indictment and pled guilty based on a plea agreement with the Government. Crim. Case No. 09-419, June 8, 2009, ECF Nos. 14, 17-18.

The plea agreement stated that 21 U.S.C. § 846 "carries a statutory maximum prison sentence of 40 years and a mandatory minimum sentence of 5 years …." Crim. Case No. 09-419, Plea Agreement Eric Sims, June 8, 2009, ECF No. 18. The Appendix to the agreement explained that "the parties agree that the total Guidelines offense level applicable to Eric Sims is 31 …." Id. It also stated "that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level." Id.

At the June 8, 2009 plea hearing the Court engaged in a colloquy with Mr. Sims during which it emphasized that he would be giving up his right to appeal or to file petitions, writs of habeas corpus or motions of any kind provided that he was sentenced at a level not greater than 31. At his sentencing hearing on March 25, 2010, Petitioner was again informed on the record of his limited right to appeal or collaterally attack his sentence in light of his waiver. On March 31, 2010 the Court entered a Judgment in a Criminal Case, adjudicating Petitioner guilty of conspiracy to distribute 100 grams or more of heroin, a controlled substance. He was sentenced to a term of imprisonment of 188 months, a sentence that represents the lowest point in the range at guidelines level 31 and a criminal history category of VI. Crim. Case No. 09-419, J. Eric Sims, March 31, 2010, ECF No. 21.

## EVIDENTIARY HEARING

A district court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); Page v. United States, 462 F.2d 932, 933 (3d Cir, 1972). The record in this case conclusively shows

**NOT FOR PUBLICATION**

that Sims is not entitled to relief. Sims cannot demonstrate that he suffered prejudice as a result of his counsel's alleged ineffective assistance. In <u>Booth</u>, the defendant did not receive the benefit of a reduction under the Sentencing Guidelines' acceptance-of-responsibility provision. Booth had been convicted at trial after refusing a plea offer because he did not want to cooperate against anyone else involved. Booth's counsel's failure to inform him of the option to enter an open plea prejudiced him because had he entered an open plea he "would have likely received a three-level reduction for acceptance of responsibility." <u>Booth</u>, 432 F.3d at 548. Sims' case is different because he received the benefit of a reduction for acceptance-of-responsibility. There is no other sentencing reduction he would have likely received had he entered an open plea. An evidentiary hearing is not required.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed the sentence to vacate, set aside, or correct the sentence "on the ground that the sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). If the violation of the Constitution on which the motion is based is ineffective assistance of counsel, Petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 US 668, 687-88 (1984). The prejudice prong requires Sims to show that but for ineffective counsel there was a reasonable probability that the outcome would have been different. See <u>Id.</u> at 694. The Third Circuit endorses "the practical suggestion in <u>Strickland</u> to consider the prejudice prong before examining the performance of counsel prong[.]" <u>Booth</u>, 432 F.3d at 546. In this case, Sims must show that had his counsel informed him of his option to enter an open plea, he would have done so and likely received a lower sentence.

**NOT FOR PUBLICATION**

## DISCUSSION

Sims stated under oath during his plea colloquy that he understood that he was waiving his right to appeal or collaterally attack his sentence if he was sentenced at a guidelines level of 31. The Court explained to the Petitioner that under his plea agreement he was still subject to a maximum sentence of 40 years. He was given time to speak to his attorney regarding what it would mean to agree that a sentence at the level of 31 is reasonable. He now attempts to collaterally attack a sentence that is within the range to which he agreed. He hopes to escape his waiver of the right to appeal because he argues he did not know he could enter an open plea. There is no prejudice because there is no reasonable probability that Sims would have received a lower sentence under an open plea, even if he had chosen to enter into one.

**I.     Sims' cannot demonstrate that not entering an open plea prejudiced him.**

Even if counsel failed to inform defendant of his ability to enter an open plea, Petitioner is not entitled to relief because he cannot demonstrate prejudice under <u>Strickland</u>. <u>See, e.g.</u>, <u>United States v. Gonzalez-Rivera</u>, 217 Fed. Appx. 16 (3d Cir. Feb. 15, 2007). Had he entered an open plea the guidelines range would have been the same as that arrived at in the plea. The Court would not have departed downward even if defendant had been free to argue for a departure.

Had Sims entered an open plea this Court would have arrived at the same guideline sentencing range. His argument to lower the guideline range is that career offender status overstates his criminal past. But the Court indicated during the plea hearing that it did not agree that career offender status overstates Sims' conduct. Transcript of Sentencing, March 25, 2010, p. 8 lines 17-25, p. 9 lines 1-8 ("frankly I don't see merit in your argument that [his criminal history is] overstated.").

**NOT FOR PUBLICATION**

Sims also contends that had he entered an open plea his attorney could have argued for a downward departure based on overstated criminal history and other 3553 factors. Sims has not presented any persuasive basis for downward departure. At the time of sentencing, Sims' counsel did argue that his criminal record was not as bad as it appeared in the guidelines calculation. The Court was free to depart downward despite the plea agreement that neither side would argue for such a departure. See United States v. Day, 969 F.2d 39, 47 (3d Cir. 1992) (District court that was also the sentencing court may properly dismiss petition where it affirms that it "recognized [the] power to depart, but felt that on that record [it] could not conscientiously find that [defendant's] criminal history category 'significantly' overrepresented the seriousness of his criminal history …."). The record reflects that the Court disagreed that the criminal history calculation overstated his conduct.

Sims also argues that had he entered an open plea he could have received downward departures for diminished mental capacity and extraordinary rehabilitation. There is no reasonable probability that a motion for downward departure on these grounds would have lowered Sims' sentence beyond the bottom of the guidelines' range, to which he was sentenced. Omission of these arguments did not prejudice Sims because they would not have changed his sentence. Petitioner's claim fails the Strickland test due to lack of prejudice.

**II.     Sims' plea waived his right to appeal or collaterally attack his sentence.**

A conviction based on a guilty plea that is not made knowingly and voluntarily is subject to collateral attack. Hudgins v. United States, 340 F.2d 391 (3d Cir. 1965). Sims argues that his waiver of the right to appeal or collaterally attack his sentence is invalid because his guilty plea was not knowingly and voluntarily made. He argues that his plea was not knowing and voluntary because counsel failed to inform him that he could plead guilty without compromising his right

**NOT FOR PUBLICATION**

to appeal. Failure to inform Sims that he could enter an open plea did not prejudice him. Petitioner's plea, including the waiver of appeal, is valid.

Petitioner also argues that his plea was not knowing and voluntary because counsel did not investigate or make Sims aware of a mental defense that could have been raised. Specifically, he claims that counsel was ineffective for not hiring a defense expert witness psychiatrist. Sims' did raise the specter of mental impairment prior to his plea hearing and sentencing. His application for permission to enter a plea of guilty says "I HAVE been a patient in a mental hospital or institution. I DO believe that at the present time I am mentally ill or mentally incompetent in any respect." Sims' mental "defense," which could also have been used to argue for downward departure, was related to drug addiction, childhood trauma and learning disability. Motion Under 28 U.S.C. § 2255, Doc. No. 1 3, 14, 27. But drug addiction is not a defense, nor is it a reason for downward departure under U.S. Sentencing Guidelines Manual § 5K2.13 ("the court may not depart below the applicable guideline range if the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants ...."). Sims also would not have been entitled to a downward departure based on his childhood trauma or learning disability. Petitioner has presented no reason to believe that he has "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." See U.S. Sentencing Guidelines Manual § 5K2.13 cmt. 1 (2011). Because there is no reasonable probability that these arguments would have been successful, there is no demonstration of prejudice under Strickland.

Petitioner alleges ineffective assistance of counsel because his attorney did not file a direct appeal, as Sims requested. His knowing and voluntary waiver of direct appeal and collateral challenge bars his claim of ineffective assistance arising from failure to file an appeal.

NOT FOR PUBLICATION

United States v. Marbry, 536 F.2d 231, 241-42 (3d Cir. 2008). During the plea colloquy the Court took pains to ensure that Sims' waiver of his right to appeal was voluntary and knowing.

**III.    Enforcement of Sims' waiver of appeal does not work a miscarriage of justice.**

Waivers of a right to appeal or collaterally attack a sentence are enforceable if they are entered into knowingly and voluntarily, unless they work a miscarriage of justice. United States v. Khattak, 273 F.3d 557, 562-63 (3d Cir. 2001). "To evaluate whether enforcement of a waiver would result in a miscarriage of justice" a court must take into consideration "the clarity of the error, the gravity of the error, the character of the error, the impact of the error on the defendant, the impact of correcting the error on the Government, and the extent to which the defendant acquiesced in the result." Id. at 563. Even if the defense attorney did commit an error by failing to inform Sims of his ability to enter an open plea, this error did not result in prejudice to Sims. Sims acquiesced to both the waiver of the right to appeal or collaterally attack his sentence and to the reasonableness of the sentence he received. The Court walked him through every aspect of his plea agreement, and the effect of each paragraph was discussed in open court. The Court discussed the effect of abandoning the right to appeal or file a collateral attack if Sims was sentenced at a level of 31 at length. Transcript of Guilty Plea, June 8, 2009, 13-18. Enforcement of Sims' waiver of appeal does not result in a miscarriage of justice.

**IV.    The Court did not impermissibly inject race into Sims' sentencing hearing.**

Petitioner argues that the Court created the appearance that Sims' sentence was influenced by his race and that counsel was ineffective for failing to object. Motion Under 28 U.S.C. § 2255, Doc. No. 1 37-48. Sims cites two remarks to support his conclusion that a reasonable observer would conclude that the Court impermissibly injected consideration of his race at sentencing. First, he quotes the Court's statement, "And I get no kicks out of it. I get no--I

**NOT FOR PUBLICATION**

hate seeing young men, particularly those of my own race being sentenced by me for stuff that I think they could have, in most cases, avoided." Id. at 38, citing Transcript of the Sentencing Hearing, March 25, 2010, p. 15 lines 23-25, p. 16 line 1. This sentence in no way implies that the Court considered Sims' race in a way that was adverse to him. Second, Sims quotes: "[T]he nature of [your] crime is so serious it damn near destroys generations of everybody, our race … ha[s] been plagued by drugs for at least 40 years …." Id. at 38. This quote is highly misleading; what the Court actually said was: "I told you the nature of the crime is so serious it damn near destroys generations of everybody, our race, other races, people in suburbs, people in the city, people in the country, people in other countries have been plagued by drugs for at least 40 years …." Transcript of the Sentencing Hearing, March 25, 2010, p. 19 lines 15-19. The full quote makes clear that the Court was commenting on the universality of the harm drug crimes cause.

    **V.**    **A certificate of appealability is denied.**

This motion under 28 U.S.C. § 2255 does not state a claim for relief because Petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). This Court does not believe that reasonable jurists would find this "assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court declines to issue a certificate of appealability.

**CONCLUSION**

Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is denied.

s/ William H. Walls<br>
United States Senior District Judge